1

2

3

4

5

6                           UNITED STATES DISTRICT COURT

7                                DISTRICT OF NEVADA

8                                     * * * * *

9    WILLIE T. SMITH,                       )
                                            )
10              Plaintiff,                   )        3:12-cv-00024-LRH-VPC
                                            )
11   v.                                      )
                                            )        O R D E R
12   J. BARNETTE; *et al.*,                  )
                                            )
13              Defendants.                  )
     _____  )

14

15        Before this Court is the Report and Recommendation of U.S. Magistrate Judge Valerie P.

16   Cooke (#17[1]) entered on July 19, 2012, recommending that the District Judge enter an order enforcing

17   the settlement agreement and dismissing this action with prejudice.  No objection to the Report and

18   Recommendation has been filed.  The action was referred to the Magistrate Judge pursuant to 28

19   U.S.C. § 636(b)(1)B and Local Rule 1B 1-4 of the Rules of Practice of the United States District Court

20   for the District of Nevada.

21        The Court has conducted its *de novo* review in this case, has fully considered the pleadings and

22   memoranda of the parties and other relevant matters of record pursuant to 28 U.S.C. § 636 (b) (1) (B)

23   and Local Rule IB 3-2.  The Court determines that the Magistrate Judge's Report and Recommendation

24   (#17) entered on July 19, 2012, should be adopted and accepted.

25

26
          _____
          [1]Refers to court's docket number.

1    IT IS THEREFORE ORDERED that the Magistrate Judge's Report and Recommendation (#17)

2    entered on July 19, 2012, is adopted and accepted, and the Settlement Agreement (#13, Exhibit A) is

3    **RATIFIED** as a binding settlement agreement, a copy of which is attached hereto;

4    IT IS FURTHER ORDERED that Defendants shall perform as agreed pursuant to the

5    Settlement Agreement;

6    IT IS FURTHER ORDERED that this case is **DISMISSED with prejudice**; and

7    IT IS FURTHER ORDERED that Defendants' Motion to Enforcement Settlement Agreement

8    (#13) is **GRANTED**.

9    IT IS SO ORDERED.

10   DATED this 20th day of August, 2012.

11

12

13   _____

14   LARRY R. HICKS
     UNITED STATES DISTRICT JUDGE

15

16

17

18

19

20

21

22

23

24

25

26                                          2

# EXHIBIT A

# EXHIBIT A

CATHERINE CORTEZ MASTO
Nevada Attorney General
NATHAN L. HASTINGS
Deputy Attorney General
Nevada Bar No. 11593
Bureau of Litigation
100 N. Carson Street
E-Mail: nhastings@ag.nv.gov
Tel: (775) 684-1259
Fax: (775) 684-1275

Attorneys for Defendants

WILLIE T. SMITH
NDOC #91949
Ely State Prison
P.O. Box 1989
Ely, NV 89301

*Pro Se Plaintiff*

# IN THE UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

WILLIE T. SMITH,

             Plaintiff,

   vs.

BARNETT, et al.,

             Defendants.

Case No.  3:12-cv-00024-LRH-WGC

**SETTLEMENT AGREEMENT**

THIS SETTLEMENT AGREEMENT (hereinafter referred to as the "Agreement") is made and entered into by and among the Nevada Department of Corrections ("NDOC"), on behalf of itself and all of its officers, directors, employees, former employees and agents, including but not limited to, J. Barnett, (hereinafter "NDOC" or "Defendants") and Plaintiff Willie Smith (hereinafter "Smith" or "Plaintiff"), a *pro se* litigant.

## RECITALS

A.    This Agreement addresses and resolves a dispute arising from and relating to Plaintiff's conditions of confinement during his incarceration in the Nevada Department of Corrections. The dispute concerns alleged Constitutional rights violations relating to Plaintiff's medical care, and allegations of use of excessive force during a certain period of time, as described in

1    Plaintiff's civil rights complaint in Case 3:12-cv-00024-LRH-WGC, currently pending before the

2    United States District Court for the District of Nevada.

3    B.      Without making any admission of liability, the NDOC and Plaintiff reached a settlement

4    of their dispute by means of the Early Mediation Conference held in this matter, on May 21,

5    2012.   This Agreement memorializes the settlement terms reached by and between the

6    NDOC and Plaintiff.  This written Agreement also includes incidental and collateral terms.

7                                              **AGREEMENT**

8              THE NDOC AND PLAINTIFF HEREBY AGREE AS FOLLOWS:

9    A.      CONSIDERATION, RELEASE AND DISCHARGE

10             The following legal consideration, release and discharge of claims is hereby exchanged

11   by and among the NDOC and Plaintiff, in support of and in execution of this Agreement, to

12   settle all claims, disputes and controversies arising from and relating to the complaint filed in

13   case 3:12-cv-00024-LRH-WGC.

14             1.      The NDOC and Plaintiff hereby agree:

15             i.      NDOC agrees to give Plaintiff, within a reasonably practicable time, the

16             following legal consideration:   Payment in the amount of   ONE HUNDRED

17             DOLLARS ($100.00), which funds will be deposited into Plaintiff's "Trust-2

18             Account,"[1] from which account the NDOC will not make any assessments or

19             deductions, in the ordinary course of administering Plaintiff's inmate accounts.

20             ii.     NDOC agrees to remove all institutional debt accrued to date by Plaintiff,

21             within a reasonably practicable time.

22             iii.    NDOC agrees to arrange for Plaintiff to be evaluated, within a reasonably

23             practicable time, by a doctor other than Dr. Koehn.   The purposes of this

24             evaluation will include: to evaluate the appropriateness of Plaintiff's current

25             prescription for pain medication, including whether Tylenol would currently be

26

27             [1] Plaintiff's "Trust-2 Account" is an inmate account, from which ordinarily, only Plaintiff may request or
       authorize deductions, and from which, ordinarily, the NDOC may not deduct funds, without proper authorization

28     or cause.   However, court orders, writs, attachments, garnishments, and other legal process might issue
       concerning the account or funds contained therein, in which case, such legal process would permit taking,
       deducting, or garnishing amounts from any inmate account, according to law.

Office of the
Attorney General
100 N. Carson St.
Carson City, NV
89701-4717

                                                         2

1  appropriate; to evaluate whether Plaintiff currently needs any medication or

2  treatment related to his complaints of symptoms/difficulties with his sinuses; to

3  evaluate whether Plaintiff currently needs any treatment related to bandages or

4  braces for his complaints of symptoms/difficulties with his knee.   The parties

5  agree to whatever treatment or non-treatment the evaluating doctor deems

6  medically appropriate.

7       2.     Plaintiff hereby releases and discharges the Defendants of and from any liability

8  relating to the civil rights complaint filed in case 3:12-cv-00024-LRH-WGC.  Plaintiff agrees to

9  execute a stipulation for dismissal of this lawsuit with prejudice.

10       3.     Plaintiff agreed to these terms on May 21, 2012, at the Early Mediation

11  Conference held in this matter.

12  B.     WAIVER OF FEES AND COSTS

13       The NDOC and Plaintiff agree to bear their own attorney's fees and costs arising from

14  or incurred in this litigation.

15  C.     COMPROMISE

16       The NDOC and Plaintiff agree that this Agreement is a complete compromise of

17  matters involving disputed issues of law and facts relating to the allegation asserted in this

18  litigation.   The parties understand and agree that this Agreement is a compromise of a

19  disputed claim.  The parties understand and agree that the consideration given by the NDOC

20  in exchange for Plaintiff's consideration of dismissal of all claims against the NDOC asserted

21  in case 3:12-cv-00024-LRH-WGC, as set forth herein, is not to be construed and shall never

22  at any time for any purpose be considered an admission of liability on the part of any party.

23  D.     REPRESENTATION OF COMPREHENSION OF DOCUMENT

24       In entering this Agreement, the NDOC acknowledges and represents that it has relied

25  on the legal advice of its attorneys, who are the attorneys of their own choice, and that the

26  terms of this Agreement have been completely read and explained to them by their attorneys,

27  and that those terms are fully understood and voluntarily accepted by them.  In entering into

28  this agreement Plaintiff acknowledges that he has represented himself as his own attorney in

1   this litigation.  Plaintiff acknowledges and represents that he has relied on his own advice, as

2   his own attorney, and that he has completely read and understood the terms of this

3   Agreement.  Plaintiff further acknowledges and represents that the terms of this Agreement

4   are fully understood and voluntarily accepted by him, a *pro se* litigant.

5   E.      DISMISSAL

6         Plaintiff hereby agrees to execute a *Stipulation and Order for Dismissal*, dismissing with

7   prejudice all claims asserted against the NDOC and any/all Defendants in this litigation.

8   Counsel for the NDOC has prepared and circulated the *Stipulation and Order for Dismissal* to

9   Plaintiff for his review and signature.  Upon receiving the signed *Stipulation and Order for*

10  *Dismissal*, counsel for the NDOC will electronically file the document with the United States

11  District Court for the District of Nevada.

12  F.      GOOD FAITH SETTLEMENT

13        This agreement is entered into in good faith.  This Agreement fully settles all claims that

14  Plaintiff has asserted against Defendants in case 3:12-cv-00024-LRH-WGC.

15  Dated: _6_ _7_, 2012

**NEVADA DEPARTMENT OF CORRECTIONS**
(on behalf of itself and all of its officers, directors, employees, former employees and agents, including but not limited to, David Munford)

By:_____
E.K. McDaniel
NDOC Deputy Director

Dated: _____, 2012.

_____
Willie T. Smith
Plaintiff, *Pro Se*

Dated: _June 7_, 2012

APPROVED AS TO FORM AND CONTENT,
OFFICE OF THE ATTORNEY GENERAL

CATHERINE CORTEZ MASTO
Nevada Attorney General

By:_____
Nathan Hastings
Deputy Attorney General
*Attorneys for Defendants*

Office of the
Attorney General
100 N. Carson St.
Carson City, NV
89701-4717

4